[No. B029449. Second Dist., Div. Six. May 13, 1988.]

ROSE MARIE SHEETZ, Plaintiff and Appellant, v.
JAMES A. EDMONDS, JR., as Real Estate Commissioner, etc.,
Defendant and Respondent;
JOHN LIEN et al., Real Parties in Interest and Appellants.

COUNSEL

Ronald W. Sabo for Plaintiff and Appellant and for Real Parties in Interest and Appellants.

John K. Van de Kamp, Attorney General, and Arthur C. de Goede, Assistant Attorney General, for Defendant and Respondent.

OPINION

**GILBERT, J.**—Rose Marie Sheetz appeals the judgment of the trial court denying her petition for writ of mandamus. (Code Civ. Proc., § 1094.5.) We affirm and hold that a power of attorney did not exempt her from the

licensing requirements of the Real Estate Law. (Bus. & Prof. Code, § 10000 et seq.)[1]

## FACTS

From 1983 through 1986, Rose Marie Sheetz managed 23 residential and commercial properties owned by John and Miriam Lein in San Luis Obispo County. The Leins employed Sheetz, an unlicensed property manager, after unsatisfactory experiences with real estate brokers as managers. Sheetz solicited tenants, negotiated leases and collected rents. On October 6, 1986, the Leins executed a power of attorney empowering Sheetz to perform these specific duties concerning the properties.

Mrs. Lein suffered from poor health and Mr. Lein, a commercial fisherman, often was absent from California. An administrative law judge found that Sheetz and the Leins enjoyed a "close personal friendship and caring relationship." Sheetz received 25 percent of her income from the Leins and spent 10 to 15 percent of her time managing the properties. She did not manage property for owners other than the Leins.

The administrative law judge decided that Sheetz performed these acts in the capacity of a real estate broker but without a license. He concluded that she had used a power of attorney to evade the license requirements of the Real Estate Law. He therefore ordered her to desist from acting as a real estate broker (§§ 10131, 10133.) The Real Estate Commissioner adopted the decision of the administrative law judge. Thereafter, Sheetz filed a petition for writ of mandamus with the trial court contending that the law sanctioned her activities under a power of attorney. (§ 10133, subd. (a)(2).) After the trial court denied her petition, this appeal followed.

## DISCUSSION

Sheetz contends that the real estate broker's licensing law expressly allows her to manage the Leins' property through the power of attorney exemption. (§ 10133, subd. (a)(2).) She points out that the Leins enjoyed her friendship and were unable to manage their properties due to illness and absences from the state. She emphasizes that the Leins granted a power of attorney to her alone and that she did not manage properties for other owners. Nevertheless, we decide that the power of attorney granted Sheetz does not exempt her from licensing.

---

[1] Unless stated otherwise, all statutory references are to the California Business and Professions Code.

It is unlawful for one to act as a real estate broker or real estate salesman without a license from the Department of Real Estate. (§ 10130.) One who leases or rents, offers to lease or rent, or collects rents acts as a real estate broker. (§ 10131, subd. (b).)[2] The license requirement, however, does not apply to one "holding a duly executed power of attorney from the owner of the real property with respect to which the acts are performed." (§ 10133, subd. (a)(2).) This exemption does not pertain where it is used to evade the licensing law. (§ 10133, subd. (b).)

Our Supreme Court has concluded that the licensing of those who rent or collect rents from property for others is a legitimate exercise of the police power to ensure the integrity of those engaged in the business of real estate. (*Riley* v. *Chambers* (1919) 181 Cal. 589, 593, 597 [185 P. 855, 8 A.L.R. 418].) *Riley* v. *Chambers, supra,* also considered the meaning of the power of attorney exemption of section 10133 and decided that the exemption "meant written authority to act for and in place of the principal in consummating the transaction as distinguished from merely negotiating it." (*Id.,* pp. 597-598.)

The Attorney General has also opined that the power of attorney exemption was not intended to benefit those engaged in the business of real estate: "The naked words of the exemption statute permit the argument that the holder of any such formalized delegation is exempt from real estate licensing requirements. If that were true, any unlicnesd [*sic*] agent or broker could assume to sell the land of another merely by holding a document designating him as attorney in fact . . . . In our view the law permits no such result." (18 Ops.Cal.Atty.Gen. 200, 201 (1951).) Instead, the exemption was to apply in those infrequent circumstances where personal necessity impelled a property owner to appoint another as his attorney in fact. (*Id.* at p. 202.)

■ We agree with the Attorney General's opinion that the Legislature intended the power of attorney exemption to apply only where a property owner is compelled by personal necessity to empower another to consummate a particular or isolated transaction. Any other interpretation would defeat the purpose of the licensing scheme by allowing unlicensed persons to conduct the business of real estate. Indeed, subdivision (b) of section

---

[2] Section 10131 provides in part: "A real estate broker . . . is a person who, for a compensation or in expectation of compensation, regardless of the form or time of payment, does or negotiates to do one or more of the following acts for another or others: . . . (b) Leases or rents or offers to lease or rent, or places for rent, or solicits listings of places for rent, or solicits for prospective tenants, or negotiates the sale, purchase or exchanges of leases on real property, or on a business opportunity, or collects rents from real property, or improvements thereon, or from business opportunities."

10133 specifically prohibits the use or attempted use of the power of attorney exemption to evade the licensing requirement.

Here substantial evidence exists that Sheetz engaged in the business of real estate without a license. For four years she executed tasks that the Leins had employed real estate brokers to perform. Although she may have enjoyed the Leins' friendship and their personal necessities may have required a property manager, these factors are not determinative. Sheetz received compensation for consistently performing tasks that require licensure under the Real Estate Law. It is not relevant that the Leins appreciated and were satisfied with her services. Since she was not licensed, the decision of the Real Estate Commissioner was correct.

The Real Estate Commissioner contends that Sheetz's reference to a subsequent administrative proceeding concerning her continued property management for the Leins is outside the administrative record here. He is correct and we disregard this reference. (Cal. Rules of Court, rule 18; *Gold* v. *Los Angeles Democratic League* (1975) 49 Cal.App.3d 365, 372, fn. 1 [122 Cal.Rptr. 732].) We also agree that the Leins are not proper parties to this proceeding since their consent to Sheetz's activities cannot cure her violation of the Real Estate Law.

Accordingly, the judgment is affirmed.

Stone (S. J.), P. J., and Abbe, J., concurred.